United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MANUEL A. GONZALEZ,　　　　　　　　　No. C 07-180 SI (pr)

　　　　Plaintiff,　　　　　　　　　　　　　　**ORDER ON INITIAL REVIEW**

　　v.

T. MASON; et al.,

　　　　Defendants.
　　　　　　　　　　　　　　　　　　　　／

**INTRODUCTION**

This is the second time the same civil rights complaint has been filed by Manuel A. Gonzales. He first filed it to commence Case No. C 05-113 SI and voluntarily dismissed it after the court had done an order on initial review but before any defendant had been served with process. Gonzales has an extensive history of an on-again, off-again interest in litigating his actions. His amended complaint states that he has four voluntary dismissals in addition to the dismissal of Case No. C 05-113 SI, as well as seven dismissals for failure to prosecute.

Gonzales is now incarcerated at the state prison in Tehachapi, although the claims asserted in the amended complaint pertain to acts and omissions that occurred while he was incarcerated at the Salinas Valley State Prison in Soledad in 2003. His amended complaint is now before the court for review pursuant to 28 U.S.C. §1915A. For ease of reference, the court will discuss the allegations of each claim separately in the discussion section below.

**DISCUSSION**

A.   Review of Amended Complaint[1]

    1.   Legal Standards

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

    2.   The Claims

        a.   Claim 1

Gonzalez alleges the following: At a committee meeting on June 24, 2003, Gonzalez was sick and coughed, unintentionally causing some spit to fly in the direction of the committee members. Gonzales was then taken elsewhere and beaten up by correctional officers Wilcots, T. Mason, and John Doe. The following individuals gave orders to assault and knew of the orders to assault Gonzalez: Captain Mandeville, CC-I Meden, CC-II Winn, and correctional officer ("C/O") Roach. Amended Complaint, p. 5.

"[W]henever prison officials stand accused of using excessive physical force in violation

---

[1] Gonzalez filed a complaint on January 10, 2007. The complaint referred to several attachments that were not attached to it. The court ordered him to file the missing attachments. He did, and filed a complete pleading on March 8, 2007, which is referred to as the amended complaint. The amended complaint is the same as the complaint filed in Case No. C 05-113 SI, but for the deletion of two claims the court found insufficient in the 2005 action and the deletion of a couple of unnamed defendants.

United States District Court
For the Northern District of California

1  of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was
2  applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to
3  cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

4      Liberally construed, the allegations of the amended complaint state a cognizable Eighth
5  Amendment claim against defendants Wilcots, Mason and John Doe for using excessive force
6  on Gonzalez on June 24, 2003.[2] The amended complaint also adequately pleads a claim against
7  defendants Mandeville, Meden, Winn, and Roach who allegedly ordered that use of force on
8  Gonzales.

10      b.   Claim 2

11      Gonzalez alleges in Claim 2 that he did not receive needed medical care after he was
12  assaulted as alleged in Claim 1. MTA A. Mendoza did not document his injuries and did not
13  obtain needed medical attention for them. Gonzalez "bought the matter of the injuries to the
14  attention of the[se] defendants with no 'adequate medical attention given:'" Dr. J. Pistone, Dr.
15  C.D. Lee, MTA S. Johnson, MTA A. Mendoza, MTA K. Robinson, MTA D. Hussey, MTA V.
16  Bias, MTA C. Cuykendall, Dr. Gary Haffner and Dr. Richard L. Mattson.[3]

17      The Eighth Amendment's prohibition of cruel and unusual punishment encompasses
18  claims concerning prison officials' attention to the medical needs of inmates. Deliberate

---

[2] A plaintiff may use Doe defendant designations to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. The court will not stall this action while plaintiff tries to learn the name of the Doe defendants. Rather, plaintiff must promptly take steps to discover the names of the unnamed defendants and provide that information to the court in an amendment to his pleading no later than **October 5, 2007**; any unnamed or Doe defendants whose true name and correct address have not been provided by that deadline will be dismissed from this action. The burden remains on the plaintiff; the court will not undertake to investigate the names and identities of unnamed defendants.

[3] Although the amended complaint suffices for pleading purposes to state a claim for relief against these numerous defendants, generalized allegations against numerous defendant without any factual specifics – such as the allegations that numerous people knew of Gonzalez's need for care for several months and did not provide it – will not suffice to withstand summary judgment, let alone to enable Gonzalez to prevail at any trial.

3

indifference to medical needs may violate the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To plead a claim that the response of prison officials to a prisoner's medical needs was constitutionally deficient, the prisoner must allege (1) a serious medical need and (2) deliberate indifference to that need by prison officials. McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Liberally construed, the allegations of the amended complaint state a cognizable Eighth Amendment claim against defendants MTA A. Mendoza, Dr. Pistone, Dr. C.D. Lee, MTA S. Johnson, MTA K. Robinson, MTA D. Hussey, MTA V. Bias, MTA C. Cuykendall, Dr. Gary Haffner and Dr. Richard L. Mattson.

    c.    Claim 3

In this claim, Gonzalez alleges that he was housed in the general population from his arrival at the prison on June 3, 2003 until June 24, 2003, even though he was in danger if placed in the general population. The following defendants decided to leave him in general population and put him in danger: Captain Mandeville, CCI Meden, CCII Winn, and P.H.D. Hamlin.

In addition to covering excessive force claims and medical care claims, the Eighth Amendment's prohibition of cruel and unusual punishment also encompasses claims concerning prison officials' attention to the safety of inmates. Prison and jail officials must take reasonable measures to guarantee the safety of prisoners. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, officials have a duty to protect prisoners from violence at the hands of other prisoners. See id. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). A prisoner may state a § 1983 claim against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Liberally construed, the allegations of the amended complaint state a claim

4

for relief against defendants Captain Mandeville, CCI Meden, CCII Winn, and P.H.D. Hamlin.[4]

        d.     Claim 4

Gonzalez alleges in Claim 4 that he was subjected to excessive force on June 4, 2003, after he objected to a particular cell placement. Although Gonzalez was not resisting, two correctional officers "attempted to drag [him] and then slammed [him] repeatedly" to put him in a cell. Amended Complaint, p. 18. He also claims that several correctional officers fabricated evidence that he resisted peace officers during the incident. Gonzalez alleges that correctional lieutenant C. Donnahoe substantiated the fabricated charge on July 15, 2003, and that correctional sergeant S. Thacker, and correctional officers T. Stevens, G. Goodwin, and J. Lewis were involved in excessive force and fabricating evidence about the incident. The disciplinary charge that was based on the fabricated evidence was eventually dismissed on February 3, 2004.

Gonzalez adequately pleads a claim for relief against defendants Thacker, Stevens, Goodwin, and J. Lewis under the Eighth Amendment for the use of excessive force on him on June 4, 2003.

The portion of the claim that alleges that several correctional officer fabricated evidence against him is dismissed. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988). The allegedly false charges also did not result in any actual discipline, as the charge allegedly was dismissed several months later.

---

[4] In Claim 3, Gonzalez also claims he was subjected to retaliatory activities while he was housed at prisons in the Central District before he was moved to Salinas Valley. It does not appear that Gonzalez intended to make those the subject of a claim in this amended complaint because he did not name any defendants for such claim, but if he did intend to include them, those claims are now dismissed without prejudice to Gonzalez filing an action in the Central District of California concerning those activities. Claims based on acts that occurred at another time at another prison from Salinas Valley and were done by persons other than those named in this amended complaint are not properly joined in this action. See Fed. R. Civ. P. 20(a).

5

e.  Claim 5

Gonzalez alleges in Claim 7 that he was subjected to malicious and sadistic behavior on March 15, 2004, when he was placed in a stand-up cage for over six hours and his requests to use a bathroom were refused. Because he was not allowed to use a bathroom, he had to urinate and defecate on himself and stand in the waste. Correctional officers Razo, Martinez, Machuca, and Ramirez caused this situation.

Gonzalez also complains that he was falsely charged in a CDC-115 with refusal to obey orders on March 15. The false charges were not set aside during the disciplinary appeal process by several individuals who reviewed the charges and appeals.

Construing the amended complaint liberally, as it must, the court determines that the allegations adequately plead an Eighth Amendment claim against defendants Razo, Martinez, Machuca and Ramirez. It appears that Gonzalez is framing his claim as one for malicious and sadistic punishment, rather than for deliberate indifference. The claim would have to be dismissed under a deliberate indifference standard because the condition, while undoubtedly unpleasant, does not rise to the level of an objectively serious condition which is necessary for a deliberate indifference kind of Eighth Amendment claim.

The amended complaint does not, however, state a claim for relief against the various officials who did not rule in Gonzalez's favor during the disciplinary and appeal process following the incident on March 15, 2004. Any claim based on the simple failure to grant his administrative appeals or process them properly is not cognizable in a § 1983 action because there is no constitutional right to a prison administrative appeal or grievance system for California inmates. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The state of California has not created a protected interest in an administrative appeal system in prison. California Code of Regulations, title 15 sections 1073 and 3084 et seq. grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no

6

substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Gonzalez had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to process the appeal in a particular way therefore did not amount to a violation of his right to due process. The claims concerning the handling of his appeals are dismissed.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff's amended complaint states claims for relief under 42 U.S.C. § 1983 as discussed above. Other than the defendants named in the next paragraph, all other named defendants are dismissed from this action.

2. The court has determined that the amended complaint states claims for relief against the following 25 individuals, all of whom apparently work at Salinas Valley State Prison.

- correctional officer Wilcots
- correctional officer T. Mason
- captain Mandeville
- CC-I Meden
- CC-II Winn
- correctional officer Roach
- MTA A. Mendoza
- Dr. J. Pistone
- Dr. C.D. Lee
- MTA S. Johnson
- MTA K. Robinson
- MTA D. Hussey
- MTA V. Bias
- MTA C. Cuykendall
- Dr. Gary Haffner
- Dr. Richard L. Mattson
- psychiatrist P.H.D. Hamlin
- correctional sergeant S. Thacker
- correctional officer T. Stevens

7

- correctional officer G. Goodwin
- correctional officer J. Lewis
- correctional officer S. Razo
- correctional officer Martinez
- correctional officer Machuca
- correctional officer Ramirez

3. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of this order upon each of the defendants listed in paragraph 2.

4. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **October 19, 2007**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **November 23, 2007**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

   > The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

   c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **December 7, 2007**.

8

5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: August 2, 2007 _____        _____
                                                SUSAN ILLSTON
                                                United States District Judge

9