1
2
3
4
5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8    MANUEL A. GONZALEZ,                    No. C 07-180 SI (pr)

9              Plaintiff,                   **ORDER DENYING TRO**

10        v.

11   T. MASON; et al.,

12             Defendants.
                                        /
13

14        Plaintiff has filed a motion for a temporary restraining order ("TRO") in which he

15   requests that twenty-five named defendants be ordered to stay 500 feet away from him and that

16   plaintiff not be transferred to Salinas Valley State Prison due to the alleged corruption and

17   threats against him.  Defendants have opposed the motion.

18        The standard for issuing a TRO is similar to that required for a preliminary injunction.

19   See Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir.

20   1981) (Ferguson, J., dissenting).  Requests for injunctive relief may be satisfied by either of two

21   sets of criteria.  The "traditional" test requires the movant to: (1) establish a strong likelihood of

22   success on the merits; (2) show the possibility of irreparable injury to the movant if the

23   preliminary relief is not granted; (3) show a balance of hardships favoring the movant; and (4)

24   show that granting the injunction favors the public interest.  See Los Angeles Memorial

25   Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).  The

26   "alternative" test requires that the movant demonstrate either a combination of probable success

27   on the merits and the possibility of irreparable injury, or that serious questions are raised and the

28   balance of hardships tips sharply in his favor.  See Bernhardt v. Los Angeles County, 339 F.3d

920, 925 (9th Cir. 2003). Under either test, the likelihood of success on the merits is important.

The record now before the court does not suggest probable or a strong likelihood of success on the merits for Gonzalez. The defendants have moved to dismiss the action on the ground that administrative remedies were not exhausted before the action, and Gonzalez's opposition has not yet been filed, nor has he indicated what his response to the non-exhaustion argument will be.

Gonzalez also has failed to persuade the court with his showing of the irreparable injury he allegedly will face if moved back to Salinas Valley. His weak evidentiary showing is even more problematic because the requested relief would affect state prison operations and defendants have stated that the housing options are very limited due to Gonzalez's case factors. The court will not issue the requested TRO because plaintiff has not made a convincing showing of a real need for such an order and, more importantly, it would interfere with the day-to-day operations of the state prisons. See Turner v. Safley, 482 U.S. 78, 84-86; see also Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of constitution).

The motion for a TRO is denied. (Docket # 26.) Plaintiff's request for an extension of time to serve his reply on defendants is DENIED. (Docket # 37.)

IT IS SO ORDERED.

Dated: December 17, 2007

_____
SUSAN ILLSTON
United States District Judge

2