UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MANUEL A. GONZALEZ,　　　　　　　　　　No. C 07-180 SI (pr)

　　　　　Plaintiff,　　　　　　　　　　　　　　　　**ORDER OF DISMISSAL**

　　v.

T. MASON; et al.,

　　　　　Defendants.
　　　　　　　　　　　　　　　　　　/

## INTRODUCTION

This pro se prisoner civil rights action filed by Manuel A. Gonzalez is now before the court for consideration of several motions. The motions now pending are (1) defendants' motion to dismiss, (2) another defendant's motion to join in that motion to dismiss, (3) plaintiff's motion for leave to file a supplemental complaint, (4) plaintiff's motion for extension of time to file a reply in support of his motion to file a supplemental complaint, and (5) plaintiff's discovery motion. For the reasons discussed herein, the court determines that the plaintiff may not file a supplemental complaint and that administrative remedies were not exhausted for any of the claims in the amended complaint. The action will be dismissed.

## BACKGROUND

In order to consider the pending motions, it is necessary to understand the scope of the action as alleged in the amended complaint. The court earlier found that the amended complaint stated five claims for relief against 25 defendants regarding events that occurred at Salinas Valley State Prison in June 2003 and on March 15, 2004.

In Claim 1, Gonzalez alleged that several defendants used excessive force on him (or directed the use of excessive force on him) after he caused some spit to fly in the direction of committee members at a committee hearing.

In Claim 2, Gonzalez alleged that several defendants were deliberately indifferent to his medical needs by failing to provide necessary medical care after he was assaulted as alleged in Claim 1.

In Claim 3, Gonzalez alleged that several defendants were deliberately indifferent to a risk to his safety when they caused him to be housed in the general population after his arrival at the prison on June 3, 2003 until June 24, 2003, even though he was in danger if placed in the general population.

In Claim 4, Gonzalez alleged that he was subjected to excessive force on June 4, 2003, when, after he objected to a particular cell placement, two correctional officers "attempted to drag [him] and then slammed [him] repeatedly" to put him in a cell.  Amended Complaint, p. 18.

In Claim 5, Gonzalez alleged that he was subjected to cruel and unusual punishment on March 15, 2004, when he was placed in a stand-up cage for over six hours and his requests use a bathroom were refused.  Because he was not allowed to use a bathroom, he had to urinate and defecate on himself and stand in the waste.

## DISCUSSION

A.  <u>Plaintiff's Motion To File A Supplemental Complaint</u>

Plaintiff has filed a motion for leave to file a supplemental complaint.  The proposed supplemental complaint would add seven new claims and many new defendants.  The acts and omissions giving rise to the claims in the supplemental complaint occurred at the California Correctional Institute in Tehachapi and at Calipatria State Prison.  The court understands the supplemental complaint to be an effort to add new claims to the action rather than to replace the claims pled in the amended complaint, as respondent had suggested.  The claims and defendants are entirely distinct from and unrelated to the claims asserted against the existing defendants.

That the supplemental complaint is quite different from the existing pleading is evident from plaintiff's request that the court first allow the supplemental complaint and then order it transferred to the Southern District of California. See Plaintiff's "Request Court Grant Leave To File A 'Supplemental Complaint,'" p. 1 (Docket # 62.)  Plaintiff apparently is trying to piggyback a second action onto the existing one in which he has been granted in forma pauperis status, see id. perhaps to avoid another filing fee.  Avoidance of a filing fee does not provide good cause for the filing of a supplemental complaint.

Although Rule 15(d) of the Federal Rules of Civil Procedure authorizes supplemental pleadings, "it cannot be used to introduce a 'separate, distinct and new cause of action.'" Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (citations omitted). Additionally, a proposed supplemental pleading is still subject to other Federal Rules of Civil Procedure, including Rule 20.  Rule 20(a) of the Federal Rules of Civil Procedure provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

The supplemental complaint will not be permitted because it attempts to introduce separate, distinct and new claims from those in the existing pleading and does not satisfy Rule 20(a).  The defendants in the supplemental complaint are different from those in the amended complaint. The supplemental complaint alleges seven new and different claims rather than supplementing or updating the five existing claims.  In particular, the medical and dental care claims in the supplemental complaint do not relate to the existing claims because the duty to provide medical and dental care does not depend on how the inmate came to need such care. The acts and omissions complained of in the supplemental complaint occurred at the Tehachapi and Calipatria, whereas the events complained of in the amended complaint occurred at Salinas Valley.  There are not questions of law or fact common to both the new and old defendants.  For all these reasons, Gonzalez' motion for leave to file a supplemental complaint is DENIED. (Docket # 62.)  This denial is without prejudice to Gonzalez filing a new civil rights action in

a proper venue in which he asserts the claims.

B.     Defendants' Motion To Dismiss[1]

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Ngo v. Woodford, 126 S. Ct. 2378, 2383 (2006); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). The statute requires "proper exhaustion" of available administrative remedies. See Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006).

A prisoner's failure to exhaust administrative remedies is a matter in abatement.

---

[1] The motion to dismiss was originally filed by 16 defendants. Defendant Morris was served with process later and then moved to join in the motion to dismiss. The motion for joinder in the motion to dismiss is GRANTED. (Docket # 35.)

There are eight other defendants who have not yet appeared in this action, whether due to lack of adequate service of process or otherwise. The exhaustion problem exists with regard to all claims and all defendants, and the ground for dismissal applies to all defendants. It would be a waste of judicial resources to require service of the unserved defendants at this point just so they could join in the motion to dismiss.

4

Defendants have the burden of raising and proving the absence of exhaustion, and may do so by way of an unenumerated Rule12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988). The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right to a jury trial). See id. Wyatt and Ritza allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

A prisoner cannot satisfy the exhaustion requirement "by filing of an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, 126 S. Ct. at 2382. A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. See id. at 2384.

Gonzalez did not exhaust the administrative remedies available to him as to any of the five claims before he filed this action. No inmate appeal filed by him ever received a director's level decision. He offers numerous excuses, but none persuade the court.

Gonzalez argues that it was permissible for him to bypass the lower levels of inmate appeal review and go directly to the director's level with his appeal. See Plaintiff's Opposition, p. 5 and Exhs. C-E, G. The regulation that describes the levels of appeal review provides for an informal level, followed by a first level, followed by a second level, followed by the third (i.e., director's) level. The regulation specifically states that, except for appeals regarding transfer to a mental institution, the "second formal level" "shall be completed prior to the appellant filing at the third formal level." 15 Cal. Code § 3084.5(c). Gonzalez did not complete the second level before filing at the third level. Gonzalez's decision to skip the lower levels and send his appeals directly to the director's level did not exhaust his claims. These were procedurally defective and did not satisfy the exhaustion requirement. See Ngo, 126 S. Ct. at 2382. These appeals did not satisfy the exhaustion requirement for the separate and additional reason that Gonzalez did not

5

receive directors' level decisions before he filed this action on January 10, 2007. See, e.g., Opposition, Exhs. C-E, G, M. Dismissal is required unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).

Gonzalez next argues that his effort to pursue his grievance through the internal affairs office satisfied the exhaustion requirement. That effort did not satisfy the exhaustion requirement because it was procedurally defective. In fact, the response he received was a direction to comply with the inmate appeals procedure as he had been instructed. See Opposition, Exh. H.

Gonzalez next argues that exhaustion is shown because some of his allegations of staff misconduct were referred for investigation according to a state court order that recounts the state's response to Gonzalez's state habeas petition that asserted claims for incidents on March 15, 2004 (i.e., his placement in a holding cell for 6 hours as well as an allegedly improper cell search during which personal items were taken). Opposition Brief, Exh. L. This exhibit does not establish exhaustion for two reasons. First, because Gonzalez did not submit the underlying documents to which the order referred, it is not clear whether the staff misconduct being investigated pertained to prison staff's conduct in putting him in a holding cell or in searching his cell or both. Second, the mere fact that an investigation has been undertaken does not necessarily mean that there are no further administrative remedies are available. The obligation to exhaust persists as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). A prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. Id. at 935. For instance, an inmate complaining about staff misconduct was deemed to have exhausted all available remedies, because once an investigation had been ordered at the second formal level under California's "staff complaint" process, the authorities lacked any remaining authority to act on the subject

1 of the complaint. Id. at 937-40 (citing Booth, 532 U.S. at 736 n.4). By contrast, an inmate who
2 was informed at the second formal level that his administrative appeal would be treated as a staff
3 complaint, that any non-staff claims should be separately appealed, that if he were dissatisfied
4 further review was available, and that the appeal was denied, rather than partially granted as with
5 the first inmate, did not exhaust all available remedies. Brown, 422 F.3d at 940-43. Gonzalez
6 has failed to provide any evidence that his case was the former situation instead of the latter
7 situation described in Brown.

8 Gonzalez next appears to argue that exhaustion should be excused because he submitted
9 several inmate appeals that he contends were lost. Opposition, pp. 6-7[2] and Exh. M. The
10 assertion by Gonzalez is not credible in light of the record. Gonzalez provides no detail as to
11 when he filed these allegedly lost or discarded inmate appeals, and what he did to follow up on
12 them at the time they went missing. Defendants have presented evidence showing that Gonzalez
13 is a frequent filer of inmate appeals – having filed at least 69 of them since 2003, see Variz Decl.
14 Exh. A; Emigh Decl., Exh. C – of which many were rejected for procedural problems while
15 some received decisions on the merits. It defies reason to believe that prison officials processed
16 so many other inmate appeals from Gonzalez while discarding the exact ones Gonzalez needs
17 to show exhaustion for the claims he now asserts. It is even less believable that prison officials
18 at other prisons to which he was transferred kept up the same practice.

19 Gonzalez also contends that he satisfied the exhaustion requirement "by placing 'prison
20 officials on "notice" of the complaints filed in this civil rights action.'" Opposition, p. 2. Putting
21 prison officials on notice of claims by means other than the administrative appeal system does
22 not satisfy the exhaustion requirement. The administrative appeal system set up for inmates in
23 the CDCR must be complied with to satisfy the exhaustion requirement.

24 A review of the record shows that Gonzalez was informed repeatedly in a straightforward
25 manner that he had to follow the established inmate appeal procedures to present his inmate

26
___
27 [2]To the extent Gonzalez's argument is that exhaustion should be excused because he was being subjected to retaliation, the argument is unpersuasive as it does not explain why he was
28 able to file 69 inmate appeals about other topics but not about the five claims asserted in the amended complaint.

7

appeal. See Opposition Exhs. C-E, H. He chose not to do so. Gonzalez never received a director's level decision on any of his five claims, as required for exhaustion of administrative remedies by a California prisoner. Defendants have carried their burden to prove that Gonzalez did not satisfy the exhaustion requirement with regard to his claims. The action must be dismissed without prejudice.

C.   Discovery Motion

Plaintiff's "motion in 'demand for information'" is DENIED. (Docket # 38.) Discovery requests are not supposed to be filed with the court, but are instead to be made directly to the opposing party by serving them on that party's counsel. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Also, any discovery request is now moot in light of the dismissal of this action.

**CONCLUSION**

Plaintiff's motion for leave to file a supplemental complaint is DENIED. (Docket # 62.) Plaintiff's motion for extension of time to file a reply in support of his motion for leave to file a supplemental complaint is GRANTED. (Docket # 66.) The court has read and considered plaintiff's reply brief filed on May 5, 2008.

Plaintiff's "motion in 'demand for information'" is DENIED. (Docket # 38.)

Defendant Morris' motion for joinder in the motion to dismiss filed by other defendants is GRANTED. (Docket # 35.) Defendants' motion to dismiss is GRANTED because plaintiff failed to exhaust administrative remedies before filing this action. (Docket # 20.) This action is dismissed without prejudice. The clerk shall close the file.

IT IS SO ORDERED.

Dated: May 15, 2008

_____
SUSAN ILLSTON
United States District Judge